**CALIFORNIA UNITED TERMINALS; Signal Mutual Indemnity Association, Ltd.; Avizent Acclaim, Petitioners,**

v.

**Sandra TOWNE; Director, Office of Workers Compensation Programs; Marine Terminals Corporation; Majestic Insurance Company; APM Terminals/Maersk Pacific Limited; Centennial Stevedoring Services; Homeport Insurance Company, Respondents.**

No. 09–72407.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2011.

Filed Feb. 16, 2011.

Roy David Axelrod, Esquire, Law Offices of Roy Axelrod, Solana Beach, CA, for Petitioners.

Rita Ann Roppolo, Mark A. Reinhalter, Counsel, LABR–U.S. Department of Labor Office of the Solicitor, Joshua Thomas Gillelan, II, Esquire, Washington, DC, Charles Douglas Naylor, Esquire, The Law Offices of Charles Naylor, San Pedro, CA, Alexa Socha, Aleccia, Conner & Socha, Lisa Marie Conner, Aleccia & Conner, Long Beach, CA, for Respondents.

Before: KOZINSKI, Chief Judge, HAWKINS and FISHER, Circuit Judges.

**MEMORANDUM***

Before the Benefits Review Board, California United Terminals (CUT) conceded that the ALJ's order of joinder was the equivalent of the filing and notification of a claim before the District Director for purposes of 33 U.S.C. § 928(a). For example, CUT acknowledged that the statute's references "to the [District Director] also refer to the ALJ in a case where the employer or carrier has been joined as a party defendant by the ALJ." Because CUT con-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ceded that the ALJ complied with § 928(a), it has waived the opportunity to now argue the contrary position. *See Schwabenland v. Sanger Boats,* 683 F.2d 309, 310 n. 1 (9th Cir.1982); *see also Fed. Sav. & Loan Ins. Corp. v. Butler,* 904 F.2d 505, 509 (9th Cir.1990). We find no "exceptional circumstances" that warrant consideration of CUT's argument for the first time on appeal. *See Duncanson Harrelson Co. v. Dir., Office of Workers' Comp. Programs,* 644 F.2d 827, 832 (9th Cir. 1981).

CUT's remaining claims fail because we've held that § 928(a) authorizes the award of pre-controversion attorney's fees. *See Dyer v. Cenex Harvest States Coop.,* 563 F.3d 1044, 1050–52 (9th Cir.2009).

**PETITION DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.